UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AARON WALKER, | Case No. 1:20-cv-0504 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Carmen E. Henderson |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Aaron Walker applied for supplemental security income benefits. His application was denied, both initially and on reconsideration. Plaintiff requested a hearing, after which the administrative law judge also denied his application. Plaintiff appealed but the appellate council declined review, rendering final the Commissioner's denial. Plaintiff then sought review in federal court. The Magistrate Judge recommends affirming the Commissioner's decision, and Plaintiff objects to that recommendation. For the reasons that follow, the Court **OVERRRULES** Plaintiff's objections (ECF No. 18), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), and **AFFIRMS** the Commissioner's denial of Plaintiff's application.

**FACTUAL AND PROCEDURAL HISTORY**

In March 2017, Aaron Walker applied for supplemental security income benefits. (ECF No. 12, PageID #250.) In his application, Mr. Walker alleged a

1

disability onset date of October 19, 1994, the date of his birth. (*Id.*) Mr. Walker alleged disability due to respiratory problems, attention deficit hyperactivity disorder, learning disability, bad vision, and clumsiness. (*Id.*, PageID #153.) The Commissioner denied his application initially and on reconsideration. (*Id.*, PageID #196 & #210.) Mr. Walker requested a hearing before an administrative law judge, who also denied his application. (*Id.*, PageID #96.)

### A. Administrative Law Judge's Decision

After hearing testimony from Mr. Walker and a vocational expert and considering the evidence presented, an administrative law judge issued a written decision denying Mr. Walker's application. (*Id.*, PageID #99–109.) In that decision, the ALJ outlined and conducted the customary five-step inquiry to determine whether Mr. Walker was disabled under Section 1614(a)(3)(A) of the Social Security Act. (*Id.*)

At step one, the ALJ found Mr. Walker had not engaged in substantial gainful employment since March 20, 2017. (*Id.*, PageID #101.) At step two, the ALJ determined Mr. Walker had several severe impairments, including obesity, attention deficit hyperactivity disorder, and borderline intellectual functioning. (*Id.*) At step three, the ALJ found that Mr. Walker did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, app. 1 (20 C.F.R §§ 416.920(d), 416.925 & 416.926). (*Id.*, PageID #102.)

As to step four, the ALJ found that Mr. Walker had the residual functional capacity to perform a full range of work at all exertional levels with the following limitations:

> [F]requently climb ladders, ropes or scaffold, frequently crawl, must avoided concentrated exposure to hazards such as unprotected heights, moving machinery, and commercial driving; can understand and remember and carry out simple instructions in a routine work setting with changes that are explained in advance; can respond appropriately to supervisors, coworkers, and work situations if the workers function of the occupation in relation to people is limited to speaking-signaling, serving, or taking instruction, as defined in the SCO.

(*Id.*, PageID #104.)

Finally, at step five, the ALJ found that Mr. Walker had no past relevant work. (*Id.*, PageID #107.) However, the ALJ determined that Mr. Walker can perform other jobs that exist in significant numbers in the national economy given his age, education, work experience, and residual functional capacity. (*Id.*, PageID #108.) Therefore, the ALJ found that Mr. Walker was not disabled and denied his application. (*Id.*, PageID #109.) The Appeals Council declined further review, rendering the ALJ's decision final on January 14, 2020. (*Id.*, PageID #69.)

  **B.**   **Relevant Medical Opinions**

In addition to other evidence in the record, including medical evidence and Mr. Walker's testimony, the ALJ considered several medical opinions. The medical opinions relevant to Plaintiff's objections are those of Drs. Herschel Pickholtz, Jorethia Chuck, Karla Delcour, and David Dietz.

3

### B.1. Dr. Herschel Pickholtz

On March 14, 2013, Herschel Pickholtz, Ed.D., performed a psychological consultative evaluation for Mr. Walker. (*Id.*, PageID #347.) Dr. Pickholtz administered the Wechsler Adult Intelligence Scale–IV to assess Mr. Walker's overall intellectual functioning. (*Id.*, PageID #351.) The test indicated that Mr. Walker's full-scale IQ was 75, within the borderline range of functioning. (*Id.*, PageID # 352.) Dr. Pickholtz noted that Mr. Walker's true intellectual functioning was likely in the low average range, which was more consistent with his daily activities and academic capacities. (*Id.*, PageID #353.) Dr. Pickholtz opined that Mr. Walker had a learning disorder, disruptive behavior disorder, phonological disorder, and attention deficit hyperactivity disorder. (*Id.*)

The ALJ accorded Dr. Pickholtz's opinion partial weight. (*Id.*, PageID #107.) The ALJ found that the opinion was consistent with the medical evidence of record. (*Id.*) However, since the opinion was authored four years before the adjudicating period, the ALJ found that the opinion provided only a historical prospective of Mr. Walker's impairments and did not reflect his current functioning. (*Id.*)

### B.2. Dr. Jorethia Chuck

On April 27, 2017, Jorethia Chuck, Ph.D., assessed Mr. Walker's mental functioning as it related to his ability to work. (*Id.*, PageID #427.) Dr. Chuck opined that Mr. Walker had limitations in understanding, remembering, and carrying out instructions, maintaining attention and concertation, and withstanding work-related stresses and pressures. (*Id.*, PageID #428.) Dr. Chuck noted that Mr. Walker did not

4

have limitations in responding appropriately to supervisors and coworkers in a work setting. (*Id.*)

The ALJ accorded Dr. Chuck's opinion partial weight. (*Id.*, PageID #107.) The ALJ determined that Dr. Chuck's opinion was consistent with the medical evidence of record regarding Mr. Walker's ability to maintain attention and concentration. (*Id.*) However, the ALJ found that Dr. Chuck's opinion was inconsistent with record evidence showing a history of aggressive and disruptive behavior that would affect Mr. Walker's ability to interact with others. (*Id.*)

### B.3. Dr. Karla Delcour and Dr. David Dietz

State agency psychological consultants, Karla Delcour, Ph.D., and David Dietz, Ph.D., assessed Mr. Walker's mental residual functional capacity. (*Id.*, PageID #164, #168–170, #181 & #185–87.) Both Dr. Delcour and Dr. Dietz opined that Mr. Walker had "moderate" limitations in his abilities to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage himself. (*Id.*, PageID #164 & #181.)

The ALJ accorded these opinions partial weight. (*Id.*, PageID #106.) The ALJ determined that Dr. Delcour's and Dr. Dietz's opinions were consistent with the medical evidence of record showing that Mr. Walker had problems with concentration, focusing, and understanding. (*Id.*) However, the ALJ determined that their opinions relating to interactions with others were inconsistent with the record which indicated that Mr. Walker's ability in that area was only mildly limited. (*Id.*)

5

### C. Other Evidence

Also relevant to Plaintiff's objections are his individualized education plans from the Cleveland Municipal School District and the testimony of vocational expert Paula Zinsmeister.

#### C.1. Individualized Education Plans

Relating to Mr. Walker's mental impairments, two individualized education plans from 2011 and 2013 show that Mr. Walker participated in special education programs and received a past diagnosis of attention deficit hyperactivity disorder. (*Id.*, PageID #303 & 327.) The ALJ considered these records, noting that they showed Mr. Walker had "below average reading skills, displayed aggressive and disobedient behaviors, and had communications needs." (*Id.*, PageID #105.)

#### C.2. Vocational Expert Testimony

In his first hypothetical posed to the vocational expert, the ALJ asked whether jobs exist in the national economy for an individual:

> [W]ho can work at all exertional levels; who can frequently climb ladders, ropes, and scaffolds; can frequently crawl. They must avoid concentrated exposure to hazards such as unprotected heights, moving machinery, and commercial driving. They can understand, remember, and carry out simple instructions in a routine work setting, with changes that are explained in advance; and can respond appropriately to supervisors, co-workers, and work situations. The worker function of the occupation, in relation to people, is limited to speaking, signaling, serving or taking instructions helping this.

(*Id.*, PageID #147–48.) The vocational expert testified that the individual would be able to perform such representative occupations as hand packager, store laborer, and cafeteria attendant. (*Id.*) Based on this testimony, the ALJ concluded that

6

Mr. Walker could make a successful adjustment to other work that exists in significant numbers in the national economy. (*Id.*, PageID #109.)

The ALJ posed two additional hypotheticals to the vocational expert. (*Id.*, PageID #148.) First, the ALJ asked whether an individual who would be off-task twenty percent of the time could perform any work in the economy. (*Id.*) Second, the ALJ asked if an individual who would be absent two times per month could perform any work in the economy. (*Id.*) In response to both hypotheticals, the vocational expert answered in the negative. (*Id.*)

### D. Report and Recommendation

Mr. Walker timely filed this action, seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) The Magistrate Judge issued a report and recommendation that the Court uphold the ALJ's decision denying Mr. Walker's application. (ECF No. 17.) Plaintiff objects to the report and recommendation, and the Court limits its discussion to the issues to which Plaintiff now objects. *See* 28 U.S.C. § 636(b). In the Court's view, Plaintiff's objections fall into two categories: first, whether substantial evidence supports the ALJ's determination of Mr. Walker's residual functional capacity (ECF No. 18, PageID #496); and second, whether the ALJ met his burden at step five of the analysis (*id.*, PageID #498).

### D.1. Residual Functional Capacity

In determining whether the ALJ erred in failing to include specific mental limitations, the Magistrate Judge considered the holding in *Ealy v. Commissioner of Social Security*, 594 F.3d 504, 516–17 (6th Cir. 2010), on which Plaintiff relied. (ECF

7

No. 17, PageID #489.) In *Ealy*, the claimant's doctor found that specific speed- and pace-based limitations applied to claimant. (*Id.*) Because the ALJ omitted these specific limitations from the residual functional capacity and from the hypothetical posed to the vocational expert, the *Ealy* Court determined that the ALJ erred. (*Id.*)

However, *Ealy* did not create a *per se* rule that a restriction to simple, routine, repetitive tasks is never adequate to convey a moderate limitation in concentration, persistence, and pace. (*Id.*, PageID #489.) The Magistrate Judge identified two post-*Ealy* cases that demonstrate as much. In *Smith-Johnson v. Commissioner of Social Security*, 579 F. App'x 426, 436–37 (6th Cir. 2014), the court held that the ALJ's hypothetical limitation to "simple, routine, and repetitive tasks" conveyed the claimant's moderate limitations in concentration, persistence, and pace because the claimant's doctor did not place any concrete functional limitations on her abilities in these areas. (*Id.*, PageID #489.) Similarly, in *Kepke v. Commissioner of Social Security*, 636 F. App'x 625, 635 (6th Cir. 2016), the court affirmed that the ALJ's hypothetical limitation providing for simple, unskilled work sufficiently conveyed moderate limitations in concentration, persistence, and pace because there was no record evidence that provided for specific, concrete limitations on claimant's abilities in these areas. (*Id.*, PageID #489–90.)

Consistent with this case law, the Magistrate Judge considered whether the medical evidence compelled a specific, concrete restriction on Mr. Walker's ability to concentrate, persist, and maintain pace. (*Id.*, PageID #490.) The Magistrate Judge determined that Plaintiff had not cited any evidence providing for such specific,

8

concrete limitations. (*Id.*) Rather, Dr. Chuck, Dr. Delcour, and Dr. Dietz provided general opinions that did not place any concrete functional limitations on Plaintiff's abilities in concertation, persistence, and maintaining pace. (*Id.*, PageID #491.) Accordingly, the Magistrate Judge determined that the ALJ did not err in determining Plaintiff's residual functional capacity. (*Id.*, PageID #491.)

### D.2. Step Five

The Magistrate Judge addressed Plaintiff's implicit contention that there was not sufficient evidence in the record to support the ALJ's finding at step five that there are sufficient jobs in the national economy that Mr. Walker can perform. (ECF No. 17, PageID #493.) The Magistrate Judge noted that the ALJ's first hypothetical mirrored the ALJ's determination of Mr. Walker's residual functional capacity. (*Id.*, PageID #494.) In response to that hypothetical, the vocational expert testified that an individual with those limitations could find work. (*Id.*, PageID #494.) The Magistrate Judge determined that such testimony constituted substantial evidence supporting the ALJ's conclusion at step five. (*Id.*, PageID #494–95.)

The Magistrate Judge recognized that the ALJ posed two other hypotheticals to the vocational expert. (*Id.*, PageID #493–94.) However, the ALJ did not incorporate the limitations in those hypotheticals into Mr. Walker's residual functional capacity, nor was he required to do so. (*Id.*, PageID #494.) Accordingly, the Magistrate Judge determined that the ALJ did not err by omitting from his step five analysis the vocational expert's responses to these hypotheticals. (*Id.*)

9

### E. Plaintiff's Objections

Plaintiff timely objected to the Magistrate Judge's Report and Recommendation. (ECF No. 18.) Plaintiff objects that the ALJ failed to include all his limitations in the finding of residual functional capacity. (*Id.*, PageID #496.) Specifically, Plaintiff contends that the limitation to "simple instructions in a routine work setting with changes explained in advance" did not adequately address Plaintiff's moderate limitation in his ability to concentrate, persist, and maintain pace. (*Id.*) Rather, Plaintiff contends that the ALJ should have assessed additional limitations in these areas. (*Id.*, PageID #497–98.) Further, Plaintiff objects that substantial evidence does not support the ALJ's finding at step five. (ECF No. 18, PageID #498.)

## ANALYSIS

The Court reviews de novo portions of a magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). "Objections must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "De novo review requires the Court to re-examine the relevant evidence a magistrate judge reviewed to determine whether to accept, reject, or modify the report and recommendation." *Scott v. Saul*, No. 1:19-cv-2393, 2021 U.S. Dist. LEXIS 92052, at *12-13 (N.D. Ohio May 14, 2021); *see* 28 U.S.C. 636(b).

Where a party objects, review is limited to determining whether substantial evidence in the record supports the Commissioner's decision to reviewing any legal errors. *Wright v. Massanari*, 321 F.3d 611, 614–15 (6th 2003). "Substantial evidence" is more than a scintilla, but less than a preponderance. *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* If substantial evidence supports the Commissioner's findings, then the Court accepts them as conclusive, even if it would have reached a different outcome on the same facts. 42 U.S.C. § 405(g).

## I. Residual Functional Capacity

Plaintiff objects that, though the ALJ found that he had moderate limitations in his ability to concentrate, persist, and maintain pace, the ALJ did not assess additional limitations in these areas in his finding regarding residual functional capacity. (ECF No. 18, PageID #497.) Plaintiff raised the same argument in his brief on the merits. (ECF No. 14, PageID #461–62.) In the Report and Recommendation, the Magistrate Judge directly and thoroughly addressed this claimed error. (ECF No. 17, PageID #487–91.)

In his objection, Plaintiff contends that the Magistrate Judge's reliance on *Kepke* and *Smith-Johnson* is misplaced because Mr. Walker suffers from more severe cognitive deficits than the claimants in those cases. (ECF No. 18, PageID #496.) As documentation of his cognitive limitations, Plaintiff cites his individualized educational plans showing his cognitive delay, Dr. Pickholtz's assessment of his IQ,

11

and the opinions of Dr. Chuck, Dr. Delcour, and Dr. Dietz about his limitations in his ability to understand, remember, and carry out instructions. (*Id.*, PageID #497.) The ALJ considered this evidence and found that Plaintiff had moderate limitation in his ability to concentrate, persist, and maintain pace. (ECF No. 12, PageID #103.) Plaintiff does not contend that the ALJ's finding of moderate limitation was erroneous. Rather, Plaintiff argues that this finding required the ALJ to assess additional specific limitations in these areas. (ECF No. 18, PageID #497.)

Plaintiff does not explain why the relative severity of his cognitive deficits compared to the claimants in *Kepke* and *Smith-Johnson* required the ALJ to assess specific limitations in his case. Nor does Plaintiff address the Magistrate Judge's analysis regarding the lack of evidence in the medical record providing for specific, concrete restrictions on Mr. Walker's ability to concentrate, persist, and maintain pace. Without medical evidence that compelled more concrete limitations in Mr. Walker's residual functional capacity, the Magistrate Judge determined that the limitation to "simple instructions in a routine work setting with changes explained in advance" adequately conveyed Mr. Walker's moderate limitation in his ability to concentrate, persist, and maintain pace. (ECF No. 17, PageID #490.) The Court agrees. Accordingly, the Court determines that substantial evidence supports the ALJ's finding of residual functional capacity.

## II. Step Five

Plaintiff objects that the record does not support the ALJ's finding at step five that he can perform a significant number of jobs in the national economy. (ECF

No. 18, PageID #498.) Plaintiff points to the ALJ's second hypothetical question to the vocational expert about an individual who would be off-task twenty percent of the time, to which the vocational expert responded there would be no work for the individual. (*Id.*) Plaintiff argues that given his cognitive limitations and attention deficits, the vocational expert's testimony on this question precludes a finding that he can perform a significant number of jobs. (*Id.*) Plaintiff raised the same argument in his brief on the merits. (ECF No. 14, PageID #462.) In the report and recommendation, the Magistrate Judge directly and thoroughly addressed it. (ECF No. 17, PageID #493–95.)

A "non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in duplication of effort on the part of the district court." *Joseph v. Berryhill*, No. 3:16-cv-02259, 2017 WL 3736787, at *9 (N.D. Ohio Aug. 30, 2017). Here, Plaintiff reiterates his argument that the vocational expert's testimony precluded the ALJ's finding at step five and fails to allege a specific objection to the Magistrate Judge's analysis. In any event, on the merits, the Court agrees that substantial evidence supports the ALJ's finding at step five.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 18), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17), and **AFFIRMS** the Commissioner's denial of supplemental security income benefits. Further, the Court **DIRECTS** the Clerk to enter judgement accordingly.

**SO ORDERED.**

Dated: April 18, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio